THIBODEAUX, Judge,
dissenting.
The defendant’s conviction and sentence should be reversed and vacated and this case should be remanded for a new trial.
The majority correctly notes that this case is largely a matter of balancing the competing interest. Along these lines, State v. Vaughn, 431 So.2d 358, 370 (La.1982) is instructive:
When “prejudice” to the prosecution is balanced against defendant’s constitutional right to present relevant evidence in support of his defense, the balance should be weighed in favor of admissibility in those eases in which the prejudice is minimal.
Little, if any, prejudice to the state would result. Johnson, who admitted being one of the robbers, had denied under oath that the defendant was the gunman, but the jury never knew this. (The jury did hear Johnson deny the gun introduced at trial was the Incorrect weapon. He had made a similar assertion at the preliminary examination). Armstrong’s basic right to defend himself was unduly infringed upon and this case should be remanded for a new trial on that basis.